Locke, J.
delivered the opinion of the Court:
From the above statement, it appears, that the plaintiff in this case was entitled to a verdict and judgment, provided the evidence adduced was sufficient to satisfy the Jury that the defendant had knowledge of the defects of the property by him sold to the plaintiff; and that the cause was submitted to the Jury on that point. The Jury, however, have found in favor of defendant; and a motion was made, and a rule granted to shew cause why this verdict should not be set aside and a new trial granted, as being either directly contrary to evidence, or at least contrary to the weight of evidence. It cannot be denied, I apprehend, at this day, that if the present case can with propriety he brought with, in either of the above rules, that then the Court ought to grant a new trial. We must then advert to the facts stated in this case, and endeavor to ascertain whether they are not such as ought to have induced the Jury to give a contrary verdict.
It appears that the defendant purchased the child in question nine months before the sale to the plaintiff, and during that time it remained in the same house where defendant usually breakfasted and dined. The child was advanced to the age of fifteen or nineteen months old, and utterly in *245 capable of walking, talking or moving, except on its back backwards. Is it likely, then, that a defect so apparent would, during all this time, and with so many opportunities of observation, escape the notice of the defendant or some portion of his family who would communicate it to the plaintiff? If we were to judge of this defendant, as (from our experience and knowledge of mankind) we would judge of ourselves, the inference is irresistibly strong to prove knowledge in the defendant. But this is not the only fact: A day is appointed for the delivery; and when plaintiff arrives to receive his property, without the least intimation of dissatisfaction on the part of plaintiff, the defendant proposes to recant, but plaintiff refuses. What then could induce this proposition on the part of defendant? The reason assigned by himself was, that he could get the same sum, but no more, from another person. He would therefore gain nothing by this recantation, except the trouble of making: new bargain, an interest which few men covet. I incline, however, to believe this was not the true reason of the proposition; but that he expected, if a suit should be brought against him for the fraud practised on the plaintiff, proof of this proposition would tend to shew his innocence; whereas I think it shews his guilt. But if these two circumstances, should be thought insufficient, or leave the fact doubtful (in which case the rule ought to be discharged) it would seem that the declarations of defendant, when coupled with them, places the fact beyond the possibility of a doubt. It is stated in the case, that some time before the sale to plaintiff, the defendant when viewing the child in question, said “ I wish you were “on the Sand-hills, and I had my money for you.” Surely this declaration proves, that defendant had, after his purchase, discovered something in the child, which in his estimation impaired its value, and made him willing to have his money again. To this evidence on behalf of plaintiff, there is nothing, or at least very little, opposed oh behalf of defendant. Although the case states that no direct evidence *246 was given of defendant’s knowledge except the above facts, yet I think these three circumstances, taken together, cannot fail to satisfy the most cautious individual that defendant had this knowledge, and that he concealed or did not disclose the defect to the purchaser, I therefore cannot view this verdict in any other light than that of a verdict against evidence, or (to say the least) the weight of evidence, and against the justice of the case.
Let the rule, therefore, be made absolute, and a new trial be granted.